THE STATE, FREDERICK E. TROSS ET AL., PROSECUTORS, v. THE BOARD OF EXCISE OF THE CITY OF ELIZABETH ET AL.

Under the act of 1891 (*Gen. Stat.,* p. 1817, § 159), the board of excise, after a license has been granted and once renewed upon an application made in due form, cannot again renew the license without a new application, duly recommended.

On *certiorari.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Patrick H. Gilhooly.*

For the defendants, *Edward S. Atwater* and *James C. Connolly.*

VOL. XXX. 7

The opinion of the court was delivered by

VAN SYCKEL, J.   The question to be decided in this case is whether, under the act of 1891 (*Pamph. L., p.* 12), the board of excise, after a license has been granted and once renewed upon an application made in due form, can again renew the license without a new application, duly recommended.

The act of 1891 provides "that hereafter, in all cities of the second class in this state (whether such licenses are now granted by a board of excise, or by commissioners of excise or by the governing board of such city or its city council), that after a license has once been granted in any such city to keep an inn and tavern, or a license to sell ale, beer and wine, or a license to keep a victualing-house, with privilege of retailing spirituous liquors within such city, to any person or persons at any place in such license designated, according to the terms of the charter of such city or cities as they now exist, it shall not be requisite, in order to give such board of excise, or commissioners of excise, or city council or other governing body jurisdiction to grant renewals of such licenses, that a new application, recommended by freeholders, shall be first signed and presented to such board; but that the filing with the board or body authorized to grant and renew licenses in any such city of a petition for renewal, signed by the applicant, accompanied by a new bond of the same tenor as accompanied the first application, shall confer full power upon such board to renew such licenses for the term of one year; provided, always, that the freeholders who may have recommended the former application shall not be eligible as signers for any new application for the term of one year from the granting of such renewal; and provided further, that this act shall in no wise affect applications for new inns and taverns or saloons or victualing-houses in such cities."

No argument in favor of the defendants can be drawn from the word "renewals" in the act.   The language of the act is not "renewals of a license," but "renewals of licenses."

The former phrase might indicate a purpose to permit more than one renewal; from the latter no such implication arises.

The first proviso expresses the intention of the draftsman of the act, that the freeholders who sign the original application shall not be competent signers for any new application for the term of one year from the granting of such renewal.

The provision of the general law concerning inns and taverns, that no person could in the same year recommend two applications, was intended to be retained in this act. Such incapacity is limited by the words of the proviso to the term of one year after a renewal is granted, and therefore after the expiration of that year the freeholders who recommended the applicant are free to recommend any other application. This seems clearly to indicate that but one renewal is to be granted; otherwise, after the expiration of one year from the first renewal, the freeholders may sign for other licenses, and the renewed license may continue to be renewed from year to year, without limitation, on the original application signed by them. This would defeat the manifest object of the proviso.

My conclusion, therefore, is that but one yearly renewal of a license can be granted.

In *Decker* v. *Board of Excise,* 28 *Vroom* 603, Mr. Justice Reed expressed the same view, although that question was not necessarily involved in the case.

The board of excise was without power to grant the license to Charles Itgen, and such license is vacated and set aside.